**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RONALD VELA, NICHOLAS NUÑEZ, and ANDY GERMUGA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMC NETWORKS, INC.

Defendant.

Case No.: 1:23-cv-02524

**SUPPLEMENTAL DECLARATION OF YOSHITAKA ITO**

I, Yoshitaka Ito, being first duly sworn under oath, state and depose upon personal knowledge as follows:

1. I am Vice President of Information Platforms at AMC Networks Inc. ("AMC"). I have held this role since March 2016. In that capacity, I oversee AMC's engineering and data networks. I have personal knowledge of the facts contained in this declaration and would testify competently thereto if called as a witness to testify in this matter.

2. The presentation of the AMC+ account creation website, www.amcplus.com/create ("AMC+ Website"), depended on a number of factors, including the screen size or resolution of the device used for viewing, the browser selected for viewing, and the choices that the user made in customizing that browser.

3. These settings were chosen by the user.

4. There are resolutions and browsers on which the AMC+ Website's reference to its Privacy Policy and Terms would have been visible without requiring the user to scroll the webpage.

5. I accessed the AMC+ Website archived from August 11, 2021 and stored on the Wayback Machine found at: https://web.archive.org/web/20210811000359/https://www.amcplus.com/create using the Chrome browser on a laptop with a 1,920x1,080-pixel screen resolution. Attached hereto as **Exhibit A** is a true and correct copy of a screenshot I took of my screen.

6. I also accessed the AMC+ Website archived from August 11, 2021 and stored on the Wayback Machine found at: https://web.archive.org/web/20210811000359/https://www.amcplus.com/create using the Safari browser on a laptop with a 1,920x1,080-pixel screen resolution. Attached hereto as **Exhibit B** is a true and correct copy of a screenshot I took of my screen. Please note for both images that the screenshots are significantly compressed due to size limitations. A computer screen is much wider than a piece of paper. Therefore, the size of the text is better displayed in the Motion at page 2. This image from the Motion is reattached as **Exhibit C**. Exhibits A and B show where the consent language is located relative to screen breaks. Exhibit C is a cropped picture of the consent language to show its actual size.

7. Users can subscribe to AMC+ directly through the AMC+ Website, or can access AMC+ content through a third-party streaming service such as the Apple TV app.

8. When using a third-party streaming service such as the Apple TV app, the user may purchase, through that service, the ability to view AMC+ content through a "channel," integrated into the third-party's streaming service (in the case of the Apple TV app, the "AMC+ AppleTV Channel").

9. Users who access the AMC+ Apple TV Channel view AMC+ content though the Apple TV app, not the AMC+ Website.

10. They cannot use their Apple TV app credentials to sign in to the AMC+ Website.

11. The Apple TV app does not provide data to AMC+ regarding individual users that access AMC+ content through the AMC+ Apple TV Channel. AMC+ only receives aggregated information about AMC+ Apple TV Channel subscriptions and revenue.

12. AMC does not have any information about individual AMC+ Apple TV Channel subscribers, including video viewing data, names, or email addresses.

13. AMC reviewed its records for information about Plaintiff Nicholas Nuñez based on the email address provided by counsel for Plaintiffs. That search confirmed that AMC has no record of Mr. Nuñez for AMC+.

Under penalty of perjury, the undersigned certifies that the statements set forth in this instrument are true and correct.

Dated: May 22, 2023

DocuSigned by:
Yoshitaka Ito
C0BBDB6646404E6...

Yoshitaka Ito