UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE VELA, NICHOLAS NUÑEZ, ANDY GERMUGA, TRISHA ICKES, WILLIAM BUCKLEY, PATRICK JAMES WILLIAM KETTERER, THOMAS APOSTLE, and WENDY KISER, individually and on behalf of all others similarly situated, | Case No. 1:23-CV-02524-ALC |
| Plaintiffs, | |
| vs. | |
| AMC NETWORKS, INC., | |
| Defendants. | |

## DECLARATION OF STEVEN WEISBROT, ESQ.
## RE: NOTICE AND ADMINISTRATION

I, **STEVEN WEISBROT, ESQ.**, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion").  I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      My credentials were provided to this Court in the previously filed Declaration of Steven Weisbrot, Esq. re: Angeion Group Qualifications and Proposed Notice Plan ("Notice Plan Declaration") (Dkt. No. 44).

3.      Angeion was appointed as the Settlement Administrator pursuant to the Preliminary Approval Order (Dkt. No. 50).

4.      Angeion is not related to or affiliated with the Plaintiffs, Class Counsel, Defendant or Defendant's Counsel.

5.      The purpose of this Declaration is to provide the Parties and the Court with a summary of the work performed by Angeion to date to disseminate notice to the Settlement Class and to describe other administrative tasks.

## CAFA NOTICE

6. On December 21, 2023, pursuant to 28 U.S.C. §1715, Angeion caused Notice of this Settlement and related materials ("CAFA Notice") to be sent to the Attorneys General of all states and territories, as well as the Attorney General of the United States. A copy of the CAFA Notice is attached hereto as **Exhibit A.**

## CLASS DATA

7. On or about January 19, 2024, Angeion received an electronic data file from Defendant containing 7,362,068 Settlement Class Member records. The data file included email addresses for Settlement Class Members. Angeion reviewed the data file and removed one duplicative record, resulting in 7,362,067 unique records (the "Class List").

## DIRECT NOTICE

**Email Notice**

8. Prior to disseminating notice, Angeion performed an email address update to help ensure the accuracy of the recipient email addresses. This email cleansing process removed extra spaces, fixed common typographical errors in domain names, and corrected insufficient domain suffixes (e.g., changing gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). After the cleansing process standardized the email addresses, those email addresses were then subjected to an email validation process whereby each email address was compared to a list of known bad email addresses[1]. Additionally, the email addresses were further verified by contacting the Internet Service Provider ("ISP") to determine if the email addresses exist. As a result of the email cleansing and validation processes, of the 7,362,067 unique email addresses, Angeion identified 7,147,497 as valid email addresses and 214,570 as invalid email addresses.

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable from prior notice campaigns, after attempts to email these addresses resulted in what is commonly referred to as "hard bounces," from prior notice campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

Declaration of STEVE WEISBROT, ESQ. re: Notice & Administration

9.      On or before February 10, 2024, Angeion caused E-mail Notice to be disseminated to the 7,147,497 Settlement Class Members with valid email addresses. The E-mail Notice is attached hereto as **Exhibit B**.

10.     Of the 7,147,497 E-mail Notices sent, 7,015,670 were delivered and 131,827 bounced back as undeliverable.  Of the 131,827 undeliverable emails, 75,589 were returned as soft bounces (after two attempts) and 56,238 were returned as hard bounces.  The email campaign resulted in an approximate 98% delivery rate, which is an exceptional result, exceeding delivery rates achieved in comparable email notice campaigns.

11.     Following completion of these initial direct notice efforts, Angeion ran searches on the 131,827 undeliverable email addresses and 214,570 invalid email addresses (or a total of 346,397 email addresses) to look for alternative email addresses. Angeion located 37,377 alternative email addresses and sent notice to these additional email addresses.

12.     Out of these 37,377 email notices, 747 were returned as undeliverable, and could not receive notice.

13.     As a result of the above-described efforts, we estimate that notice was delivered to approximately 95.8% of the Settlement Class, which is an excellent result and well above the average delivery rate for email notice campaigns.

## REMINDER EMAIL NOTICE

14.     On or before March 22, 2024, Angeion caused 6,619,538 reminder notices to be sent via email to Settlement Class Members with valid email addresses who had possibly not submitted a Claim Form.  A copy of the reminder email notice is attached hereto as **Exhibit C**.

## SETTLEMENT WEBSITE

15.     On February 2, 2024, Angeion activated the case-specific Settlement Website, www.amcvppasettlement.com, where Settlement Class Members are able to file a Claim Form

directly on the website. Also on the Settlement Website, Settlement Class Members can easily view general information about this class action Settlement, review the long form Notice in English and Spanish, review relevant court documents, view important dates and deadlines pertinent to the Settlement, and obtain telephone numbers to contact the Settlement Administrator and Class Counsel. The Settlement Website is user-friendly and makes it easy for Settlement Class Members to find information about the case in a frequently asked questions format. The Settlement Website also has a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address, info@amcvppasettlement.com. As of the date of this declaration, the Settlement Website has received 1,305,880 website visits by 1,050,460 unique users totaling 1,950,994 pageviews. Copies of the English and Spanish versions of the Long-Form Notice are attached here to as **Exhibits D** and **E**, respectively.

## TOLL-FREE HOTLINE

16. On February 2, 2023, Angeion activated the following toll-free number dedicated to this Settlement: 1-888-871-5788. The toll-free hotline utilizes an interactive voice response ("IVR") system in both English and Spanish to provide Settlement Class Members with answers to frequently asked questions and essential information regarding the Settlement. This hotline is accessible 24 hours a day, 7 days a week. As of the date of this declaration, Angeion has received 3,247 calls totaling 10,646 minutes.

## CLAIM FORM SUBMISSIONS

17. The deadline for Settlement Class Members to submit a Claim Form is April 9, 2024. As of the date of this declaration, Angeion has received a total of 526,818 Claim Form

submissions (525,408 were submitted via the Settlement Website and 1,410[2] were received via U.S mail). These Claim Form submissions are still subject to final audits, including the full assessment of each claim's validity and a review for duplicate submissions. Angeion will continue to report to the Parties the number of Claim Form submissions it receives and processes. In addition, Angeion will provide a supplemental declaration to the Court following the April 9, 2024, Claims Deadline to report on the number of valid Claim Forms submitted at that time.

18.     The 526,818 Claim Form submissions received thus far represent approximately 7.15% of the unique Settlement Class Member records on the Class List.

## EXCLUSIONS & OBJECTIONS

19.     The deadline to submit a request for exclusion from the Settlement is April 9, 2024. As of the date of this declaration, Angeion has received sixty-five (65) exclusion requests. Attached hereto as **Exhibit F** are the names of the individuals who submitted exclusion requests.

20.     The deadline to submit an objection to the Settlement is April 9, 2024. As of the date of this declaration, Angeion has not received any objections to the Settlement. We understand that AMC's counsel and Class Counsel have received a comment to the Settlement by email that Class Counsel will address in the final approval reply papers.

21.     Angeion will provide a supplemental declaration to the Court following the April 9, 2024, Exclusion and Objection Deadlines to report on the number of valid exclusion requests and objections at that time.

---

[2] These claims are pending validation against the Class List to confirm whether they Settlement Class Members.

## CONCLUSION

22.     The Notice Plan implemented herein was a resounding success, delivering notice to an approximate 95.8% of the Settlement Class. The effectiveness of the Notice Plan is clearly evidenced by the response it has received, *i.e.*, over one million visits to the Settlement Website, and 526,818 Claim Form submissions to date, representing approximately 7.15% of the Settlement Class. The claim filing rate achieved thus far exceeds claim filing rates in many similar settlements.

23.     It remains my professional opinion that the Notice Plan provided full and proper notice to Settlement Class Members, and that the proposed Notice Plan was the best notice that is practicable under the circumstances, fully comporting with due process requirements and fully compliant with Fed. R. Civ. P. 23.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Parkland, Florida this 25th day of March, 2024.

_____
STEVEN WEISBROT

# EXHIBIT A



December 21, 2023

VIA USPS PRIORITY MAIL

United States Attorney General &
Appropriate Officials

**Re:     Notice of Class Action Settlement**
         *Vela et al v. AMC Networks, Inc.*

Dear Counsel or Official:

Angeion Group, an independent claims administrator, on behalf of the defendant in the below-described action, hereby provides your office with this notice under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, to advise you of the following proposed class action settlement:

> **Case Name:** Vela, et al. v. AMC Networks, Inc.
> **Index Number:** 1:2023-cv-02524-ALC
> **Jurisdiction:** United States District Court, Southern District of New York
> **Date Settlement Filed with Court:** December 11, 2023

In accordance with the requirements of 28 U.S.C. § 1715, copies of the following documents associated with this action are available at https://www.angeiongroup.com/cafa/.

1. **28 U.S.C. § 1715(b)(1)-Complaint:** *Class Action Complaint and Demand for Jury Trial* filed with the Court on March 24, 2023; *Amended Class Action Complaint and Demand for Jury Trial* filed with the Court on December 11, 2023.

2. **28 U.S.C. § 1715(b)(2)-Notice of Any Scheduled Judicial Hearings:** There are no judicial hearings currently scheduled.

3. **28 U.S.C. § 1715(b)(3)-Notification to Class Members:** The *Email Notice*, *Long Form Notice*, *Claim Form*, and *Mail Notice*, filed with the Court on December 11, 2023. The proposed settlement administration protocol and notice plan, filed on December 11, 2023, is also available at https://www.angeiongroup.com/cafa/.

4. **28 U.S.C. § 1715(b)(4)-Class Action Settlement Agreement:** Class Action Settlement Agreement**,** filed with the Court on December 11, 2023. *Plaintiffs' Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement, Plaintiffs' Memorandum of Law In Support Of Plaintiffs' Unopposed Motion For Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, and Approval*

*Of Notice Plan*, and the *Joint Declaration Of Douglas Cuthbertson And Hank Bates In Support Of Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement,* filed with the Court on December 11, 2023, are also available at https://www.angeiongroup.com/cafa/.

5. **28 U.S.C. § 1715(b)(5)-Any Settlement or Other Agreements:**  Other than the Settlement Agreement, no other settlements or other agreements have been contemporaneously made between the Parties.

6. **28 U.S.C. § 1715(b)(6)-Final Judgment:**  The Court has not issued a Final Judgment or notice of dismissal as of the date of this CAFA Notice.

7. **28 U.S.C. § 1715(b)(7)(B)-Estimate of Class Members:**  The Settlement Class is estimated to include approximately 6.3 million people located throughout the United States. The estimated proportional share of the Settlement benefits is not available at this time, as it is contingent on the Class Member submission of a claim form.

8. **28 U.S.C. §1715(b)(8)-Judicial Opinions Related to the Settlement:**  The Court has not issued a judicial opinion related to the Settlement at this time. The *[Proposed] Preliminary Approval Order* is available at https://www.angeiongroup.com/cafa/.

If you have questions or concerns about this notice, the proposed settlement, or difficulty accessing the associated documents, please contact this office.

Sincerely,

Angeion Group
1650 Arch Street, Suite 2210
Philadelphia, PA  19103
(p) 215-563-4116
(f)  215-563-8839

# EXHIBIT B

**TO:**      <<Class Member Email>>
**FROM:**   Settlement Administrator <<DoNotReply@amcvppasettlement.com>>
**RE:**      Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Vela, et al. v. AMC Networks, Inc.*, Case No. 1:23-cv-02524-ALC
**(United States District Court for the Southern District of New York)**

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Were a Registered User of One of the Following "AMC Services": (1) AMC+, (2) Shudder, (3) Acorn TV, (4) ALLBLK, (5) SundanceNow, or (6) HIDIVE**

### Click **HERE** To File A Claim for a Cash Payment

**Claims Must be Submitted no Later Than April 9, 2024**
*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, AMC Networks, Inc. ("AMC"), disclosed the personally identifiable information of registered users of AMC Services (1) AMC+, (2) Shudder, (3) Acorn TV, (4)) ALLBLK, (5) SundanceNow, and (6) HIDIVE to Third-Party Tracking Companies, without their consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. AMC denies that it violated any law. The court has not determined who is right, but the parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

<u>**Am I a Settlement Class Member?**</u> Records indicate you may be a Settlement Class Member. Settlement Class Members are all persons in the United States who, from January 18, 2021, to and through January 10, 2024: (1) were registered users of AMC Services and (2) requested or obtained video content on at least one of the six AMC Services.

<u>**What Can I Get?**</u> If approved by the Court, AMC will create a Settlement Fund of **$8,300,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, service award for the class representatives, costs of settlement administration, and any taxes.

The Settlement also provides for in-kind relief: a one week digital subscription to the AMC+ streaming service for all Settlement Class Members whose claims are submitted and approved

The Settlement also requires AMC to suspend, remove or modify operation of the Meta Pixel and other Third-Party Tracking Technologies so that use of such technologies on any AMC Service will not result in AMC's disclosure to the third-party technology companies of the specific video content requested or obtained by a specific individual, unless and until the VPPA were to be: (a) amended to expressly permit (and not to prohibit) the Released Claims, (b) repealed, (c) invalidated by a judicial decision on the use of website pixel and/or tracking technologies by the

United States Supreme Court, or the Second Circuit Court of Appeals, or (d) interpreted by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals to permit the contemplated use. Within 90 days after entry of Final Judgment, Defendant will provide Class Counsel with a sworn declaration that it has suspended, removed or modified the Third-Party Tracking Technologies and Prospective Relief as described herein.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than April 9, 2024**. You can file a claim by clicking here. Your payment will come by check unless you elect to receive payment electronically by PayPal, Venmo, ACH, Zelle or virtual prepaid card.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a written request to the Settlement Administrator postmarked no later than **April 9, 2024**. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue AMC regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than **April 9, 2024**. Specific instructions about how to exclude yourself from, or object to, the Settlement are available here . If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against AMC relating to issues in this case will be released.

**Who Represents Me?** The Court has appointed lawyers Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201, Douglas Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, Michael Reese, Reese LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025, Kevin Laukaitis, Laukaitis Law, 737 Bainbridge Street, #155, Philadelphia, Pennsylvania 19147, to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 12:00 p.m. ET on May 16, 2024 via telephonic means available at 1-888-363-4749 (access code: 3768660). The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for Service Awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to here, contact the Settlement Administrator at 1-888-871-5788 or AMC VPPA Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or call Class Counsel at 415-956-1000 or 501-312-8500.

# EXHIBIT C

## <u>REMINDER NOTICE</u>

This notice is being sent to remind you of the upcoming deadline of April 9, 2024. If you have already filed a claim form or responded to the notice, please disregard.

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Vela, et al. v. AMC Networks, Inc.*, Case No. 1:23-cv-02524-ALC
**(United States District Court for the Southern District of New York)**

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Were a Registered User of One of the Following "AMC Services": (1) AMC+, (2) Shudder, (3) Acorn TV, (4) ALLBLK, (5) SundanceNow, or (6) HIDIVE**

### Click **HERE** To File A Claim for a Cash Payment

**Claims Must be Submitted no Later Than April 9, 2024**
*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, AMC Networks, Inc. ("AMC"), disclosed the personally identifiable information of registered users of AMC Services (1) AMC+, (2) Shudder, (3) Acorn TV, (4)) ALLBLK, (5) SundanceNow, and (6) HIDIVE to Third-Party Tracking Companies, without their consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. AMC denies that it violated any law. The court has not determined who is right, but the parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**<u>Am I a Settlement Class Member?</u>** Records indicate you may be a Settlement Class Member. Settlement Class Members are all persons in the United States who, from January 18, 2021, to and through January 10, 2024: (1) were registered users of AMC Services and (2) requested or obtained video content on at least one of the six AMC Services.

**<u>What Can I Get?</u>** If approved by the Court, AMC will create a Settlement Fund of **$8,300,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members who file a timely and complete claim on a *pro rata* basis (meaning equal share), after deducting any Court-approved attorneys' fees and expenses, service award for the class representatives, costs of settlement administration, and any taxes.

The Settlement also provides for in-kind relief: a one week digital subscription to the AMC+ streaming service for all Settlement Class Members whose claims are submitted and approved

The Settlement also requires AMC to suspend, remove or modify operation of the Meta Pixel and other Third-Party Tracking Technologies so that use of such technologies on any AMC Service will not result in AMC's disclosure to the third-party technology companies of the specific video content requested or obtained by a specific individual, unless and until the VPPA were to be: (a) amended to expressly permit (and not to prohibit) the Released Claims, (b) repealed, (c) invalidated by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals, or (d) interpreted by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals to permit the contemplated use. Within 90 days after entry of Final Judgment, Defendant will provide Class Counsel with a sworn declaration that it has suspended, removed or modified the Third-Party Tracking Technologies and Prospective Relief as described herein.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than April 9, 2024**. You can file a claim by clicking here. Your payment will come by check unless you elect to receive payment electronically by PayPal, Venmo, ACH, Zelle or virtual prepaid card.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a written request to the Settlement Administrator postmarked no later than **April 9, 2024**. If you exclude yourself, you cannot get a settlement payment, but you will keep any rights you may have to sue AMC regarding the issues in the lawsuit. You may object to the proposed settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than **April 9, 2024**. Specific instructions about how to exclude yourself from, or object to, the Settlement are available here . If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against AMC relating to issues in this case will be released.

**Who Represents Me?** The Court has appointed lawyers Hank Bates, Carney Bates & Pulliam PLLC, 519 W. 7th Street, Little Rock, AR 72201, Douglas Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, Michael Reese, Reese LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025, Kevin Laukaitis, Laukaitis Law, 737 Bainbridge Street, #155, Philadelphia, Pennsylvania 19147, to represent the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 12:00 p.m. ET on May 16, 2024 via telephonic means available at 1-888-363-4749 (access code: 3768660). The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for Service Awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to here, contact the Settlement Administrator at 1-888-871-5788 or AMC VPPA Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or call Class Counsel at 415-956-1000 or 501-312-8500.

# EXHIBIT D

# Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because You Subscribed or Signed Up for Access to AMC+

**Claims Must be Submitted no later than April 9, 2024**

**Claims may be submitted <u>here</u>.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit claiming that Defendant, AMC Networks, Inc. ("AMC"), disclosed the personally identifiable information of registered users of AMC Services (1) AMC+, (2) Shudder, (3) Acorn TV, (4)) ALLBLK, (5) SundanceNow, and (6) HIDIVE to Third-Party Tracking Companies, without their consent, in violation of the Video Privacy Protection Act (the "VPPA"). Personally identifiable information includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. AMC denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Settlement Class if you are an individual residing in the United States who, from January 18, 2021, to and through January 10, 2024: (1) was a registered user of AMC Services and (2) requested or obtained video content on at least one of the six AMC Services. Note that you are not included in the Settlement Class if you have previously engaged counsel to assert an arbitration claim on your behalf.

- Individuals included in the Settlement will be eligible to receive a cash payment *pro rata* (meaning equal) portion of the Settlement Fund, after deducting any Court-approved attorneys' fees and expenses, service award for the class representatives, costs of settlement administration, and any taxes.

- The Settlement also provides for in-kind relief: a one week digital subscription to the AMC+ streaming service for all Settlement Class Members whose claims are submitted and approved.

- The Settlement also requires AMC to suspend, remove or modify operation of the Facebook Pixel and other Third-Party Tracking Technologies so that use of such technologies on any AMC Service will not result in AMC's disclosure to the third-party technology companies of the specific video content requested or obtained by a specific individual, unless and until the VPPA were to be: (a) amended to expressly permit (and not to prohibit) the Released Claims, (b) repealed, (c) invalidated by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals, or (d) interpreted by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals to permit the contemplated use.

- Within 90 days after the entry of Final Judgment, Defendant will provide Class Counsel with a sworn declaration that it has suspended, removed or modified the Third-Party Tracking Technologies and Prospective Relief as described herein.

- Read this notice carefully. Your legal rights are affected whether you act, or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY APRIL 9, 2024** | This is the only way to receive a cash payment. A Claim Form is available here at the website amcvppasettlement.com. As a Settlement Class Member, you will give up your rights to sue AMC in the future regarding the claims in this case. |
| **EXCLUDE YOURSELF BY APRIL 9, 2024** | You will receive no benefits, but you will retain any rights you currently have to sue AMC regarding the claims in this case. |
| **OBJECT BY APRIL 9, 2024** | Write to the Court explaining why you don't like the Settlement. |
| **HEARING ON MAY 16, 2024** | Ask to speak with the Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue AMC regarding the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Andrew L. Carter, Jr., of the U.S. District Court for the Southern District of New York, is overseeing this case. The case is called *Vela, et al. v. AMC Networks, Inc.,* Case No. 1:23-cv-02524-ALC. The people who have sued are called the Plaintiffs. The entity being sued, AMC, is called the Defendant.

### 2. What is a class action?

In a class action, one or more people called the class representatives (in this case, Plaintiffs Ronnie Vela, Nicholas Nuñez, Andy Germuga, Trisha Ickes, William Buckley, Patrick James, William Ketterer, Thomas Apostle, and Wendy Kiser) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

### 3. What is this lawsuit about?

This lawsuit claims that AMC violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA") by disclosing its subscribers' personally identifiable information ("PII") to third parties via third-party tracking technology without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. AMC denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to settle the lawsuit to avoid the uncertainties

and expenses associated with ongoing litigation.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or AMC should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation.

## WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Settlement Class is defined as:

All persons in the United States who: (1) were registered users of AMC Services through (i) an online website or mobile app owned, controlled, and/or operated by AMC or (ii) any Streaming Service and (2) requested or obtained specific video content from AMC Services through (i) an online website or mobile app owned, controlled, and/or operated by AMC or (ii) any Streaming Service during the Class Period.

The Class Period is defined as: January 18, 2021 to and through January 10, 2024.

Note that you are not included in the Settlement Class if you have previously engaged counsel to assert an arbitration claim on your behalf.

## THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

*Monetary Relief*: AMC will pay $8,300,000.00 to create a Settlement Fund.

*Prospective Changes*:  In addition to this monetary relief, the Settlement also requires AMC to suspend, remove or modify operation of the Meta Pixel developed by Meta (formerly known as Facebook) and other tracking technologies developed by the following Third-Party Tracking Companies:  Google, Twitter, Snapchat, TikTok, and Braze.

AMC will suspend, remove or modify their operation so that use of such technologies on any AMC Service will not result in AMC's disclosure to the Third-Party Tracking Companies of the specific video content requested or obtained by a specific individual, unless and until the VPPA were to be: (a) amended to expressly permit (and not to prohibit) the Released Claims, (b) repealed, (c) invalidated by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals, or (d) interpreted by a judicial decision on the use of website pixel and/or tracking technologies by the United States Supreme Court, or the Second Circuit Court of Appeals to permit the contemplated use.

Within 90 days after entry of Final Judgment, Defendant will provide Class Counsel with a sworn declaration that it has suspended, removed or modified the Third-Party Tracking Technologies and Prospective Relief as described herein.

A detailed description of the settlement benefits can be found in the Settlement Agreement available at the website (www.amcvppasettlement.com).

## 7. How much will my payment be?

After deducting any Court-approved attorneys' fees and expenses, service awards for the class representatives, costs of settlement administration, and any taxes, the Settlement Fund will be distributed to Settlement Class Members as a cash payment on a *pro rata* basis (meaning equal share). This means each Settlement Class Member who submits a valid claim will be paid an equal share from the Net Settlement Fund. The amount of the payments to individual Settlement Class Members will depend on the number of valid claims that are filed. Because the final payment amount cannot be calculated before all claims are received and verified, it will not be possible to provide an accurate estimate of the payment amount before the deadline to file claims.

## 8. When will I get my payment?

The Court will hold a hearing to consider the fairness of the settlement on May 16, 2024. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will receive their payment within 90 days after the Settlement has been finally approved and/or any appeals process is complete. In submitting their claims, Settlement Class Members can choose whether to receive their payment via PayPal, Venmo, or paper check. All checks will expire and become void unless cashed within 180 days after the date of issuance.

## HOW TO GET BENEFITS

## 9. How do I get a payment?

If you are a Settlement Class Member and you want to receive a payment, you **must** complete and submit a Claim Form postmarked by **April 9, 2024**. Claim Forms can be found and submitted **here** at the website (www.amcvppasettlement.com), or by printing and mailing a paper Claim Form, copies of which are available for download at the website (www.amcvppasettlement.com).

Settlement Class Members are encouraged to submit claims online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

## 10. What am I giving up if I stay in the Settlement Class?

If the Settlement becomes final, you will give up (or "release") your rights to sue AMC and certain of its affiliates (Released Parties) regarding the Released Claims, which are described and defined in Paragraphs 1.29 and 1.30 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you will release the Released Claims, regardless of whether you submit a claim or not. You may access the Settlement Agreement through the "court documents" link on the website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to the lawyers listed in Question 12 for free or you may, of course, speak to your own lawyer.

## 11. What happens if I do nothing at all?

If you do nothing, you will not receive any monetary benefit (cash payment) from this Settlement. Further, if you do not exclude yourself, you will be unable to start a lawsuit or be part of any other lawsuit brought against AMC regarding the Released Claims.

## THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

The Court has appointed Douglas I. Cuthbertson (Lieff Cabraser Heimann & Bernstein LLP), Hank Bates (Carney Bates & Pulliam PLLC), Michael R. Reese (Reese LLP), Kevin Laukaitis (Laukaitis Law), to be the attorneys representing the Settlement Class. They are called "Class Counsel." After conducting an extensive investigation, they believe that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel will ask for no more than one-third of the $8.3 million Settlement Fund, but the Court may award less than this amount.

Class Counsel may also seek a Service Award of up to $2,000.00 for each of the nine Class Representatives ($18,000 in total) for their service in helping to bring and settle the case. The Service Awards will be paid out of the Settlement Fund, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Class, you must mail or otherwise deliver a letter stating that <u>you want to be excluded</u>. Your letter must include:

   a. The name and number of this case, *Vela, et al. v. AMC Networks, Inc.,* Case No. 1:23-cv-02524-ALC;

   b. Your full name, mailing address, and email address associated with your AMC Services account;

   c. A statement that you wish to be excluded; and

   d. Your handwritten or electronically imaged written signature.

You must mail or deliver your exclusion letter, postmarked no later than **April 9, 2024** to:

AMC VPPA Settlement Administrator Exclusions
PO Box 58220
Philadelphia, PA 19102

No "mass" or "class" opt-outs will be allowed.

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue AMC for the Released Claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not submit a Claim Form to receive a monetary benefit (cash payment).

## OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you are a Settlement Class Member, you may ask the Court to deny approval by filing an objection.

You may object to any aspect of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for Service Awards. You can give reasons why you think the Court should not give its approval. The Court will consider your views.

If you choose to make an objection, you must mail or file with the Court a letter or brief stating that you object to the Settlement. Your letter or brief must include:

The name and number of this case, *Vela, et al. v. AMC Networks, Inc.,* Case No. 1:23-cv-02524-ALC;

    a.  Your full name and mailing address;

    b.  An explanation of the basis upon which you claim to be a Settlement Class Member;

    c.  All grounds for the objection, including all citations to legal authority and evidence supporting the objection;

    d.  The name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

    e.  A statement indicating whether you or your lawyer(s) intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules);

    f.  Your handwritten or electronically imaged written signature; and

    g.  If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

You must mail or deliver your written objection, postmarked no later than **April 9, 2024** to:

Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

You must also mail or otherwise deliver a copy of your written objection to Class Counsel and AMC's counsel at the following addresses:

| Class Counsel | Defendant's Counsel |
|---|---|
| Hank Bates<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>Email: hbates@cbplaw.com<br><br>Douglas I. Cuthbertson<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street, 8th Floor | Mark S. Melodia<br>Holland & Knight LLP<br>31 West 52nd Street, 12th Fl.<br>New York, NY 10019<br>mark.melodia@hklaw.com |

| New York, NY 10013<br>Email: dcuthbertson@lchb.com | |
| --- | --- |

No "mass" or "class" objections will be allowed.

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you do notwant to be part of the Settlement Class. If you exclude yourself, you have no right to object or file a Claim Form because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 12 p.m. on **May 16, 2024** via telephonic means available at 1-888-363-4749 (access code: 3768660). The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for Service Awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.amcvppasettlement.com or call 415-956-1000 or 501-312-8500. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to attend to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your lawyer intends to appear at the Final Approval Hearing.

## GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.amcvppasettlement.com. You may also write with questions to AMC VPPA Privacy Settlement, 1650 Arch Street, Suite 2210, Philadelphia, PA 9103. You can call the Settlement Administrator at 1-888-871-5788 or Class Counsel at 415-956-1000 or 501-312-8500, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE**

**REGARDING THIS NOTICE.**

# EXHIBIT E

*Vela, et. al contra AMC Networks, Inc.,* caso N.º 1:23-cv-02524-ALC

# Los registros indican que usted podría tener derecho a un pago en virtud de un acuerdo en una acción colectiva porque se suscribió o se inscribió para tener acceso a AMC+

**Los reclamos deben presentarse a más tardar el 9 de abril de 2024.**

**Los reclamos se pueden enviar haciendo clic aquí.**

*Un tribunal autorizó enviar este aviso. Usted <u>no</u> está siendo demandado. Este <u>no</u> es un ofrecimiento de servicios de parte de un abogado.*

- Se ha llegado a un acuerdo en una demanda colectiva en la que se afirma que el Demandado, AMC Networks, Inc. ("AMC"), divulgó la información de identificación personal de los usuarios registrados de los Servicios de AMC (1) AMC+, (2) Shudder, (3) Acorn TV, (4)) ALLBLK, (5) SundanceNow y (6) HIDIVE a Compañías de Seguimiento Web Externas, sin su consentimiento, en violación de la Ley de Protección de la Privacidad en Video (Video Privacy Protection Act, "la VPPA"). La información de identificación personal incluye datos que identifican a una persona como alguien que ha solicitado u obtenido contenido o servicios específicos de un proveedor de servicios de video. AMC niega haber infringido ley alguna. El Tribunal no ha decidido quién tiene la razón. En cambio, las partes han acordado resolver la demanda para evitar las incertidumbres y gastos relacionados con la continuidad del litigio.

- Usted está incluido como Miembro de la Demanda Colectiva si es una persona residente en Estados Unidos que, entre el 18 de enero de 2021 y el 10 de enero de 2024: (1) fue un usuario registrado de los Servicios de AMC y (2) solicitó u obtuvo contenido de video en al menos uno de los seis Servicios de AMC. Tenga en cuenta que usted no está incluido como Miembro de la Demanda Colectiva si ha contratado a un abogado previamente para hacer valer un reclamo de arbitraje en su nombre.

- Las personas incluidas en la Demanda Colectiva serán elegibles para recibir un pago en efectivo *prorrateado* (es decir, por el mismo monto) de parte del Fondo del Acuerdo, después de deducir cualesquiera honorarios y gastos de los abogados que apruebe el Tribunal, la adjudicación por servicios para los representantes de la demanda colectiva, los costos de la administración del acuerdo y los impuestos aplicables.

- El Acuerdo también establece una indemnización en especie: una suscripción digital de una semana al servicio de transmisión por streaming de AMC+ para todos los Miembros de la Demanda Colectiva cuyos reclamos hayan sido presentados y aprobados.

- El Acuerdo también exige que AMC suspenda, elimine o modifique el funcionamiento de Facebook Pixel y otras Tecnologías de Seguimiento por Parte de Terceros, de forma que el uso de dichas tecnologías en cualquier Servicio de AMC no tenga como resultado la divulgación por parte de AMC a las compañías de tecnología externas del contenido de video específico solicitado u obtenido por una persona en particular, a menos y hasta que la VPPA sea: (a) modificada para permitir expresamente (y no prohibir) los Reclamos Exonerados, (b) derogada, (c) invalidada por una decisión judicial del Tribunal Supremo de los Estados Unidos o del Segundo Circuito de Apelaciones respecto al uso del sitio web de pixel y/o de las tecnologías de seguimiento, o (d) interpretada por una decisión judicial del Tribunal Supremo de los Estados Unidos o del Segundo Circuito de Apelaciones respecto al uso del sitio web de pixel y/o de las tecnologías de

seguimiento para permitir el uso previsto.

- Dentro de los 90 días posteriores a la emisión del Fallo Definitivo, el Demandante proporcionará a los Abogados de la Demanda Colectiva una declaración jurada indicando que ha suspendido, eliminado o modificado las Tecnologías de Seguimiento por Parte de Terceros y respecto a la Indemnización Prospectiva tal como se describe en este documento.

- Lea esta notificación con atención. Sus derechos legales se ven afectados, ya sea que actúe o no.

| SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO | |
|---|---|
| **ENVIAR UN FORMULARIO DE RECLAMO ANTES DEL 9 DE ABRIL DE 2024** | Esta es la única forma de recibir un pago en efectivo. Tiene disponible un Formulario de Reclamo aquí en el sitio web amcvppasettlement.com. Como Miembro de la Demanda Colectiva, usted renunciará a sus derechos de demandar a AMC en el futuro con respecto a los reclamos en este caso. |
| **EXCLUIRSE ANTES DEL 9 DE ABRIL DE 2024** | No recibirá ningún beneficio, pero conservará los derechos que actualmente tiene para demandar a AMC con respecto a los reclamos en este caso. |
| **PRESENTAR UNA OBJECIÓN ANTES DEL 9 DE ABRIL DE 2024** | Escriba al Tribunal indicando por qué no está conforme con el Acuerdo. |
| **PRESENTARSE EN LA AUDIENCIA DEL 16 DE MAYO DE 2024** | Solicite hablar ante el Tribunal sobre lo que opina del Acuerdo. |
| **NO HACER NADA** | Usted no recibirá una parte de los beneficios en virtud del Acuerdo y renunciará a sus derechos para demandar a AMC con respecto a los reclamos en este caso. |

Sus derechos y opciones, **así como los plazos para ejercerlos,** se explican en este Aviso.

## INFORMACIÓN BÁSICA

### 1. ¿Por qué se emitió este aviso?

Un Tribunal autorizó este aviso, ya que usted tiene derecho a saber sobre el Acuerdo propuesto en esta demanda colectiva y cuáles son todas sus opciones antes de que el Tribunal decida si otorga la aprobación final del mismo. Este Aviso explica la demanda, el Acuerdo y sus derechos legales.

El honorable juez Andrew L. Carter, Jr., del Tribunal de Distrito de los EE. UU. para el Distrito Sur de Nueva York supervisa este caso. El nombre del caso es *Vela, et al. contra AMC Networks, Inc.,* caso N.º 1:23-cv-02524-ALC. Las personas que demandaron se conocen como los Demandantes. La entidad demandada, AMC, se conoce como el Demandado.

### 2. ¿Qué es una demanda colectiva?

En una demanda colectiva, una o más personas que se conocen como los representantes de la demanda colectiva (en este caso, los Demandantes Ronnie Vela, Nicholas Nuñez, Andy Germuga, Trisha Ickes, William Buckley, Patrick James, William Ketterer, Thomas Apostle y Wendy Kiser) demandan en nombre de un grupo de personas que tienen reclamos similares. En una demanda colectiva, el tribunal resuelve los asuntos para todos los miembros de la demanda colectiva, excepto aquellos que se excluyeron de la demanda colectiva.

## 3. ¿De qué se trata esta demanda?

En esta demanda se afirma que AMC violó la Ley de Protección de la Privacidad en Video, Título 18 del Código de los Estados Unidos (U.S.C.), Sección 2710, *y siguientes* ("VPPA") al divulgar la información de identificación personal (personally identifiable information, "PII") de sus suscriptores a terceros a través de tecnología de seguimiento por parte de terceros sin consentimiento. La VPPA define la PII para incluir datos que identifican a una persona como alguien ha solicitado u obtenido contenido o servicios específicos de un proveedor de servicios de video. AMC niega haber infringido ley alguna. El Tribunal no ha decidido quién tiene la razón. En cambio, las partes han acordado resolver la demanda para evitar las incertidumbres y gastos relacionados con un litigio en curso.

## 4. ¿Por qué existe un Acuerdo?

El Tribunal no ha decidido si los Demandantes o AMC deberían ganar este caso. En cambio, ambas partes aceptaron llegar a un Acuerdo. De esa forma, se evitará la incertidumbre y los gastos relacionados con un litigio en curso, y los Miembros del Acuerdo de la Demanda Colectiva recibirán una compensación.

## ¿QUIÉN ESTÁ INCLUIDO EN EL ACUERDO?

## 5. ¿Cómo puedo saber si formo parte de la Demanda colectiva?

La Demanda colectiva se define como:

Todas las personas en los Estados Unidos que: (1) fueron usuarios registrados de los Servicios de AMC a través de (i) un sitio web o una aplicación móvil que es propiedad, es controlada y/o operada por AMC o (ii) cualquier Servicio de Streaming y (2) solicitaron u obtuvieron contenido de video específico de los Servicios de AMC a través de (i) un sitio web o aplicación móvil que es propiedad, es controlada y/o operada por AMC o (ii) cualquier Servicio de Streaming durante el Período de la Demanda Colectiva.

El Período de la Demanda Colectiva se define como: desde el 18 de enero de 2021 hasta el 10 de enero de 2024.

Tenga en cuenta que usted no está incluido como Miembro de la Demanda Colectiva si ha contratado a un abogado previamente para hacer valer un reclamo de arbitraje en su nombre.

## BENEFICIOS DEL ACUERDO

## 6. ¿Qué proporciona el Acuerdo?

*Indemnización monetaria:* AMC pagará $8,300,000.00 para crear un Fondo del Acuerdo.

*Cambios prospectivos:* Además de esta indemnización monetaria, el Acuerdo también exige que AMC suspenda, elimine o modifique el funcionamiento del Meta Pixel desarrollado por Meta (anteriormente conocido como Facebook) y otras tecnologías de seguimiento desarrolladas por las

siguientes Compañías de Seguimiento Web Externas: Google, Twitter, Snapchat, TikTok y Braze.

AMC suspenderá, eliminará o modificará su funcionamiento, de forma que el uso de dichas tecnologías en cualquier Servicio de AMC no tenga como resultado la divulgación por parte de AMC a las Compañías de Seguimiento Web Externas del contenido de video específico solicitado u obtenido por una persona en particular, a menos que y hasta que la VPPA sea: (a) modificada para permitir expresamente (y no prohibir) los Reclamos Exonerados, (b) derogada, (c) invalidada por una decisión judicial del Tribunal Supremo de los Estados Unidos o del Segundo Circuito de Apelaciones respecto al uso del sitio web de pixel y/o de las tecnologías de seguimiento, o (d) interpretada por una decisión judicial del Tribunal Supremo de los Estados Unidos o del Segundo Circuito de Apelaciones respecto al uso del sitio web de pixel y/o de las tecnologías de seguimiento para permitir el uso previsto.

Dentro de los 90 días posteriores a la emisión del Fallo Definitivo, el Demandante proporcionará a los Abogados de la Demanda Colectiva una declaración jurada indicando que ha suspendido, eliminado o modificado las Tecnologías de Seguimiento por Parte de Terceros y respecto a la Indemnización Prospectiva tal como se describe en este documento.

Encontrará una descripción detallada de los beneficios del acuerdo, el cual está disponible en el sitio web (www.amcvppasettlement.com).

## 7. ¿De cuánto será mi pago?

Después de deducir los honorarios y gastos de los abogados aprobados por el Tribunal, las adjudicaciones por servicios para los representantes de la demanda colectiva, los costos de la administración del acuerdo y los impuestos aplicables, el Fondo del Acuerdo se distribuirá entre los Miembros de la Demanda Colectiva como un pago en efectivo *prorrateado* (es decir, por el mismo monto). Esto significa que cada Miembro de la Demanda Colectiva que envíe un reclamo válido recibirá una parte igual del Fondo del Acuerdo neto. El monto de los pagos a los Miembros de la Demanda Colectiva individuales dependerá de la cantidad de reclamos válidos que se presenten. Dado que el monto del pago final no puede calcularse antes de que se reciban y verifiquen todos los reclamos, no será posible proporcionar un estimado exacto de la cifra del pago antes de la fecha límite para presentar reclamos.

## 8. ¿Cuándo recibiré mi pago?

El Tribunal celebrará una audiencia el 16 de mayo del 2024 para considerar si el Acuerdo es justo. Si el Tribunal aprueba el acuerdo, los Miembros de la Demanda Colectiva elegibles cuyos reclamos fueron aprobados por el Administrador del Acuerdo recibirán el pago en un plazo de 90 días posteriores a la aprobación definitiva del Acuerdo o luego de que se complete cualquier proceso de apelación. Al enviar sus reclamos, los Miembros de la Demanda Colectiva pueden elegir si reciben su pago a través de PayPal, Venmo o un cheque impreso. Todos los cheques expirarán y serán nulos, a menos que se los cobre dentro de los 180 días posteriores a la fecha de emisión.

### CÓMO OBTENER LOS BENEFICIOS

## 9. ¿Cómo obtengo un pago?

Si usted es un Miembro de la Demanda Colectiva y desea recibir un pago, **debe** completar y enviar un Formulario de Reclamo con sello postal de antes del **9 de abril de 2024**. Puede encontrar y enviar los formularios de reclamo **aquí** en el sitio web (www.amcvppasettlement.com) o imprimiendo y enviando por correo postal un Formulario de Reclamo, cuyas copias están disponibles para descargar en el sitio web (www.amcvppasettlement.com).

Se recomienda que los Miembros de la Demanda Colectiva envíen sus reclamos en línea. El reclamo en línea no solo es más fácil y seguro, sino que es completamente gratuito y solo toma unos minutos.

## PERMANECER EN EL ACUERDO

### 10. ¿A qué estoy renunciando si permanezco en la Demanda colectiva?

Si el Acuerdo se convierte en definitivo, usted renunciará (o "liberará") a sus derechos de demandar a AMC y a ciertas compañías afiliadas (Partes Exoneradas) con respecto a los Reclamos Exonerados, los cuales se describen y definen en los párrafos 1.29 y 1.30 del Acuerdo de la Demanda Colectiva. A menos que se excluya por decisión propia (*consulte* la pregunta 14), usted renunciará a los Reclamos Exonerados, independientemente de si envía un reclamo o no. Puede tener acceso al Acuerdo de la Demanda Colectiva a través del enlace "documentos del tribunal" en la página web.

En el Acuerdo de la Demanda Colectiva se describen los reclamos a los que renuncia con descripciones específicas, por lo que debe leerlo atentamente. Si tiene alguna pregunta, puede hablar con los abogados mencionados en la pregunta 12 de forma gratuita o, por supuesto, puede hablar con su propio abogado.

### 11. ¿Qué pasa si no hago nada en absoluto?

Si no hace nada, no recibirá ningún beneficio monetario (pago en efectivo) de parte de este Acuerdo. Además, si no se excluye, no podrá iniciar una demanda ni formar parte de cualquier otra demanda presentada contra AMC con respecto a los Reclamos Exonerados.

## LOS ABOGADOS QUE LO REPRESENTAN

### 12. ¿Tengo un abogado en el caso?

El Tribunal ha designado a Douglas I. Cuthbertson (Lieff Cabraser Heimann & Bernstein LLP), Hank Bates (Carney Bates & Pulliam PLLC), Michael R. Reese (Reese LLP) y Kevin Laukaitis (Laukaitis Law) como abogados representantes en a la Demanda Colectiva. Se denominan en conjunto "Abogados de la Demanda Colectiva". Después de llevar a cabo una investigación exhaustiva, estos profesionales determinaron que el Acuerdo de la Demanda Colectiva es justo, razonable y sirve al mejor interés de los Miembros de la Demanda Colectiva. No se le cobrará por estos abogados. Si desea ser representado por su propio abogado en este caso, puede contratar uno por su cuenta y cargo.

### 13. ¿Cómo se les pagará a los abogados?

Los honorarios, costos y gastos de los Abogados de la Demanda Colectiva se pagarán con cargo al Fondo del Acuerdo por un monto que el Tribunal determinará y adjudicará. Los Abogados de la Demanda Colectiva no solicitarán más de un tercio del Fondo del Acuerdo de $8.3 millones, pero el Tribunal puede otorgar un monto menor.

Los Abogados de la Demanda Colectiva también podrían solicitar una Adjudicación por Servicio de hasta $2,000.00 para cada uno de los nueve Representantes de la Demanda Colectiva ($18,000 en total) por el tiempo destinado para ayudar a interponer y resolver el caso. Las Adjudicaciones por Servicios se pagarán del Fondo del Acuerdo, pero el Tribunal puede otorgar un monto menor que el solicitado.

## EXCLUSIÓN DEL ACUERDO POR DECISIÓN PROPIA

## 14. ¿Cómo me excluyo del Acuerdo?

Para excluirse de la Demanda Colectiva deberá enviar una carta por correo postal u otros medios en la que indique su deseo de ser excluido. Su carta debe incluir lo siguiente:

   a. El nombre y número del presente caso: *Vela, et al. contra AMC Networks, Inc.,* caso N.º 1:23-cv-02524-ALC;

   b. Su nombre completo, dirección postal y dirección de correo electrónico asociada con su cuenta de Servicios de AMC;

   c. una declaración indicando su deseo de ser excluido, y

   d. Su firma de puño y letra o firma generada mediante imágenes electrónicas.

Debe enviar por correo postal o entregar su carta de exclusión, con sello postal a más tardar el **9 de abril de 2024** a la siguiente dirección:

AMC VPPA Settlement Administrator Exclusions
P.O. Box 58220
Philadelfia, PA 19102

No se permitirán solicitudes de exclusión "masivas" o "colectivas".

## 15. Si no me excluyo, ¿puedo demandar al Demandado por lo mismo más adelante?

No. A menos que se excluya, renuncia al derecho de demandar a AMC por los Reclamos Exonerados que se resuelven en el Acuerdo.

## 16. Si me excluyo, ¿puedo obtener algo de este Acuerdo?

No. Si se excluye por voluntad propia, no puede enviar un Formulario de Reclamo para recibir un beneficio monetario (pago en efectivo).

# OBJETAR EL ACUERDO

## 17. ¿Cómo objeto el Acuerdo?

Si usted es Miembro de la Demanda Colectiva, puede solicitarle al Tribunal que niegue la aprobación presentando una objeción. Tiene la posibilidad de oponerse a cualquier aspecto del Acuerdo, a la solicitud de los Abogados de la Demanda Colectiva para el pago de honorarios y gastos legales, o a la solicitud de Adjudicaciones por Servicios. Puede explicar los motivos por los cuales considera que el Tribunal no debería conceder la aprobación. El Tribunal tomará en cuenta su punto de vista.

Si elige hacer una objeción, debe enviar por correo postal o presentar una carta o escrito ante el Tribunal en la que indique que se opone al Acuerdo. Su carta o escrito debe incluir:

El nombre y número del presente caso: *Vela, et al. contra AMC Networks, Inc.,* caso N.º 1:23-cv-02524-ALC;

   a. Su nombre completo y dirección postal;

   b. Una explicación de las razones por las que usted sostiene ser un Miembro de la Demanda Colectiva;

   c. Todos los fundamentos de la objeción, incluidas todas las citas a las disposiciones legales

y evidencias que respalden la objeción;

d. El nombre y la información de contacto de todos y cada uno de los abogados que puedan beneficiarse de la presentación de la objeción y que lo representen, asesoren o ayuden de algún modo en relación con la preparación o presentación de la objeción.

e. Una declaración que indique si usted o sus abogados tienen la intención de presentarse a la Audiencia de Aprobación Final (ya sea personalmente o a través de un abogado que presente un aviso de comparecencia ante el Tribunal, de conformidad con el Reglamento Local);

f. Su firma autógrafa o a través de imágenes electrónicas, y

g. Si un Miembro de la Demanda Colectiva o cualquiera de los Abogados que Objetan se han opuesto a algún acuerdo de demanda colectiva donde el objetor o los Abogados que Objetan han solicitado o recibido algún pago a cambio de la desestimación de la objeción, o de cualquier apelación relacionada, sin modificación alguna del acuerdo, entonces la objeción debe incluir una declaración en la que se identifique cada uno de estos casos por el título completo y el monto del pago recibido. Cualquier impugnación con respecto al Acuerdo de la Demanda Colectiva, la Orden Final o el Fallo Definitivo se deberá presentar en virtud de una apelación conforme a las Reglas Federales de Procedimiento Apelativo, y no mediante un ataque indirecto.

Debe enviar su objeción por correo postal o entregarla por escrito, con sello postal a más tardar del **9 de abril de 2024** a la siguiente dirección:

Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

También debe enviar por correo postal u otros medios una copia de su objeción por escrito a los Abogados de la Demanda Colectiva y a los Abogados de AMC a las siguientes direcciones:

| **Abogados de la Demanda Colectiva** | **Abogados del Demandado** |
|---|---|
| Hank Bates<br>Carney Bates & Pulliam, PLLC<br>519 W. 7th Street<br>Little Rock, AR 72201<br>Correo electrónico: hbates@cbplaw.com<br><br>Douglas I. Cuthbertson<br>Lieff Cabraser Heimann & Bernstein LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Correo electrónico: dcuthbertson@lchb.com | Mark S. Melodia<br>Holland & Knight LLP<br>31 West 52nd Street, 12th Fl.<br>New York, NY 10019<br>mark.melodia@hklaw.com |

No se permitirá la presentación de objeciones "masivas" o "colectivas".

## 18. ¿Cuál es la diferencia entre objetar y excluirme del Acuerdo?

Objetar es simplemente comunicarle al Tribunal que no concuerda con algún punto del Acuerdo. Solo puede objetar si permanece en la Demanda Colectiva. Excluirse por decisión propia es decirle al Tribunal que no quiere formar parte de la Demanda Colectiva. Si se excluye, no tiene derecho a

oponerse o presentar un Formulario de Reclamo porque el caso ya no le afecta.

## La Audiencia de Aprobación Final del Tribunal

**19. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?**

El Tribunal llevará a cabo una Audiencia de Aprobación Final a las 12 p. m. el **16 de mayo de 2024** por vía telefónica a través del 1-888-363-4749 (código de acceso: 3768660). El propósito de la audiencia será que el Tribunal determine si aprueba el Acuerdo como justo, razonable, adecuado y en el mejor interés de los Miembros de la Demanda Colectiva; considerar la solicitud de los Abogados de la Demanda Colectiva para el pago de honorarios y gastos legales, así como para considerar la solicitud de Adjudicaciones por Servicios para los Representantes de la Demanda Colectiva. En esa audiencia, el Tribunal estará disponible para escuchar cualquier objeción y argumentos con respecto a la equidad del Acuerdo.

La audiencia puede posponerse a una fecha u hora diferente sin previo aviso, por lo que se recomienda consultar en www.amcvppasettlement.com o llamar al 415-956-1000 o al 501-312-8500. Sin embargo, si usted objetó al Acuerdo oportunamente y le hizo saber al Tribunal que tiene la intención de comparecer y hablar en la Audiencia de Aprobación Final, recibirá un aviso de cualquier cambio en la fecha de celebración de dicho procedimiento.

**20. ¿Tengo que asistir a la audiencia?**

No. Los Abogados de la Demanda Colectiva responderán cualquier pregunta que pueda tener el Tribunal. Sin embargo, usted puede asistir a la audiencia por su cuenta y cargo. Si envía una objeción o comentario, no tiene que asistir a la audiencia para hablar al respecto. Siempre que envíe su objeción por escrito y oportunamente, el Tribunal la tendrá en cuenta. También puede contratar a su propio abogado (por su cuenta y cargo) para que asista, pero no es obligatorio.

**21. ¿Puedo hablar en la audiencia?**

Sí, puede pedirle permiso al Tribunal para hablar en la Audiencia de Aprobación Final. Para hacerlo, debe incluir en su carta o escrito de objeción al Acuerdo una declaración en la que indique que usted o su abogado tienen la intención de presentarse a la Audiencia de Aprobación Final.

## Obtener más información

**22. ¿Cómo obtengo más información?**

Este Aviso solo es un resumen del Acuerdo. Encontrará más información en el Acuerdo de la Demanda Colectiva. Puede obtener una copia del Acuerdo de la Demanda visitando www.amcvppasettlement.com. Envíe las preguntas que tenga por escrito a: AMC VPPA Privacy Settlement, 1650 Arch Street, Suite 2210, Philadelphia, PA 9103, o puede llamar al Administrador del Acuerdo al 1-888-871-5788 o a los Abogados de la Demanda Colectiva al 415-956-1000 o al 501-312-8500. Sin embargo, antes de hacerlo, lea detenidamente todo el contenido de este Aviso. También puede encontrar información adicional en el sitio web del caso.

**NO LLAME AL TRIBUNAL O A LA OFICINA DEL SECRETARIO DEL TRIBUNAL CON RESPECTO A ESTE AVISO.**

# EXHIBIT F

| | | |
|---|---|---|
| 1 | MAJORIE J | BERKLEY |
| 2 | IRMA D | WILSON |
| 3 | SARI | FITZGERALD |
| 4 | EDVENNA | JONES MIRANDA |
| 5 | MARK LEE | WORLEY |
| 6 | ASHLEE G | McCARTY |
| 7 | BRIGGETTE | ALLEN |
| 8 | DANIEL | McKINNEY |
| 9 | JESSE | GONZALEZ |
| 10 | LARRY | EDWARDS |
| 11 | DAVID | PERCIVAL |
| 12 | HAROLD | WILHELM |
| 13 | LINDA | YELVERTON |
| 14 | MICHAEL | PANGBORN |
| 15 | FRANK | ORTEGA |
| 16 | PERRIN | NICOLSON |
| 17 | PEDRO | ESTEVEZ - VELEZ |
| 18 | JILL R | SMITH |
| 19 | CHARITA | ALEXANDER |
| 20 | KEKITH R | REBMANN |
| 21 | VANREA | MOORE |
| 22 | DEBORAH GAIL | MILLS |
| 23 | TERRY | BLACKBURN |
| 24 | JOHN | MASCIOPINTO |
| 25 | DAVID | LEFFLER |
| 26 | MARINA C | SULLIVAN |
| 27 | SAUL | GARCIA |
| 28 | WANDA DENISE | HILL |
| 29 | JAMES | HOLIDAY |
| 30 | SHAUN | FORD |
| 31 | SEAN M | CALLAHAN |
| 32 | DAKOTA | MORZOLLA |
| 33 | DONNA | VARBERO |
| 34 | EMMA | LaPALERMO |
| 35 | DAVID | MANUEL |
| 36 | TIMOTHY | MATSUDA |
| 37 | LEON J | RACHUBA III |
| 38 | ANTONI A | CURIALE |
| 39 | RICHARD D | PUGH |
| 40 | CRYSTAL D | WILSON |
| 41 | STEPHEN | ACKILLI |
| 42 | JOHN | LANCER |
| 43 | KENNETH | MASSON |

| | | |
|---|---|---|
| 44 | BARRY E | LEVINE |
| 45 | WALTER | BRZESKI |
| 46 | KIMBERLY | NAVARRO |
| 47 | DANIEL P | ROHDE |
| 48 | RAINE | HELMING |
| 49 | HOLLACE (HOLLY) | DUPREE SANCHEZ |
| 50 | JUDSON | HURD |
| 51 | AUNALISA | ARELLANO |
| 52 | SAMUEL A | BIRNEY |
| 53 | PAMELA ANN | SMITH |
| 54 | LEE | PITTMAN |
| 55 | JAMES | HAMMOND |
| 56 | MICHAEL WELTON | WILLIAMS |
| 57 | ERIC | EHMANN |
| 58 | MARY YOLANDA | VERA |
| 59 | ZAIN A | KAZMI |
| 60 | NATHAN | TAM |
| 61 | JOSHUA JAMES | MCINTYNE |
| 62 | JASON | TRIPLETT |
| 63 | ANDREW | CHAN |
| 64 | CINDY L | PASKE |
| 65 | JOEY NICHOLAS | GRIFFIN |