**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RONNIE VELA, NICHOLAS NUNEZ, ANDY GERMUGA, TRISHA ICKES, WILLIAM BUCKLEY, PATRICK JAMES, and WILLIAM KETTERER, THOMAS APOSTLE, and WENDY KISER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMC NETWORKS, INC.,

Defendant.

Case No.: 1:23-cv-02524-ALC

**PLAINTIFFS' UNOPPOSED REPLY IN FURTHER SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On March 25, 2024, Plaintiffs filed: an unopposed motion for Final Approval of Class Action Settlement (*see* Dkts. 54-56); a motion for Award of Attorneys' Fees, Litigation Costs, and Service Awards (*see* Dkts. 51-52), and a joint declaration in support of both motions. *See* Dkt. 53. The settlement provides for: (1) an $8.3 million non-reversionary cash fund; (2) a one-week digital subscription to the AMC+ streaming service for all Settlement Class Members who submit valid claims valued, in aggregate, at approximately $1 million; and (3) valuable injunctive relief targeted towards the conduct central to Plaintiffs' allegations.

At that time – prior to the April 9, 2024 claims, exclusion, and opt-out deadlines – Plaintiffs reported that (i) the Court-approved notice plan had been implemented and (ii) sixty-five (65) Settlement Class Members had requested to be excluded from the proposed settlement in this case (the "Settlement") and no Settlement Class Members had objected to either the Settlement or Class Counsel's request for attorneys' fees, litigation costs, and service award. *See* Dkt. 53 (Joint Decl.), ¶ 35; Dkt. 55 (Final Approval Brief) at 2, 20; Dkt. 56 (Angeion Decl.), ¶¶ 19-20 & Ex. F.

Plaintiffs also reported in their March 2024 final approval papers that through the initial and supplemental email notice efforts, the individual notice of this $8.3 million Settlement had reached approximately 95.8% of the Settlement Class (*see* Dkt. 53, ¶¶ 33, 47; Dkt. 55 at 9; Dkt. 56, ¶ 22), which was further enhanced by a dedicated Settlement Website and a toll-free helpline (*see* Dkt. 53, ¶ 32, Dkt. 55 at 9-10, 20-21, Dkt. 56, ¶¶ 15-16). This resulted in a robust claims rate at that time of 7.15%. *See* Dkt. 53, ¶ 50, Dkt. 55 at 2, 16, Dkt. 56, ¶ 18.

In the Supplemental Declaration of Jennifer Shawver on Implementation and Outcome of the Court-approved Notice Plan (the "Shawver Supplemental Declaration"), filed concurrently herewith, the Settlement Administrator confirms that, as of May 1, 2024, the Settlement Website

had 1,451,031 unique visits from 1,105,268 unique visitors resulting in a total of 2,190,898 pageviews, (*id.*, ¶ 3), and the Settlement Administrator received 4,277 calls to the toll-free telephone number totaling 14,201 minutes (*id.*, ¶ 4).

The deadline for exclusions and objections passed on April 9, 2024, after Plaintiffs filed for final approval. Plaintiffs are pleased to report that there have been only 291 exclusions (a tiny percentage of the over 7.3 million Settlement Class Members) and <u>no objections</u> to either the Settlement or Class Counsel's and Plaintiffs' requests for attorneys' fees, litigation costs, and service awards. Shawver Supp. Decl., ¶¶ 7-8 & Ex. A (listing names of the individuals who requested exclusion). As such, the reaction from the Settlement Class Members has been overwhelmingly positive and weighs in favor of final approval. *See, e.g., Rodriquez v. It's Just Lunch Int'l*, No. 07-CV-09227 (SN), 2020 WL 1030983, at *4 (S.D.N.Y. Mar. 2, 2020) (finally approving settlement where out of 140,000 class members only "60 members timely opted out of the class action, and 21 people objected).

To date, the Settlement Administrator has received 557,901 timely Claim Form submissions. Shawver Supp. Decl.,¶ 6.[1] Based on the current number of claim form submissions, the Settlement enjoys a very high claims rate of approximately 7.6%, which will

[1] On April 29, 2024, the court filed a letter it received from Carlton Xavier Mathews that he apparently sent on April 18, 2024 (9 days after the April 9, 2024 Claims Deadline). *See* Dkt. 58. Mr. Mathews labeled his letter a "supplemental complaint," and asks that "the court add [Mr. Mathews] as a member in this class action lawsuit." The Settlement Administrator cannot verify whether Mr. Mathews is a Settlement Class Member based on the information he has provided, including because the Class List is based on email addresses associated with AMC Services accounts, and Mr. Mathews did not include an email address in his letter. Class Counsel is communicating with Mr. Mathews to determine whether he can provide additional information allowing the Settlement Administrator to determine if he is a member of the Settlement Class. If Mr. Mathews does so and the Settlement Administrator can then verify that he is a Settlement Class Member, it will process his claim, providing leniency on the claims deadline given that he is incarcerated. If it cannot, it will not process a claim for Mr. Mathews.

provide each claimant with a *pro rata* payment of approximately $9 from the Net Settlement Fund, after deduction of settlement administration expenses, the requested award of attorneys' fees and costs, and a service award. This $8.3 million Settlement is an excellent result, particularly in comparison to other recent settlements involving Video Privacy Protection Act ("VPPA") claims. *See* Joint Decl. RE: Final Approval & Fees, Dkt. 53, ¶ 51, Exs. 1 to 3 (*Fiorentino v. Flosports, Inc.,* No. 1:22-cv-11502-AK, Dkt. 72 at 3 (D. Mass. Feb. 16, 2024); *Beltran v. Sony Pictures Entertainment, Inc. d/b/a Crunchyroll,* No. 1:22-cv-04858, Dkt. 52-2 at 4 (ND. Ill. Dec. 7, 2023); *Ambrose v. Boston Globe Media Partners,* No. 1:22-cv-10195-RGS, Dkt. 67 at 1 (D. Mass. Sept. 6, 2023) and Dkt. 63 at 8 (Aug. 24, 2023)). And the cash benefit along with the In-Kind benefit of a free one-week subscription to the AMC+ streaming service continues to be substantial—and comparable to what plaintiffs have obtained in other consumer class actions. *See, e.g., In re Google Referrer Header Priv. Litig.*, No. 5:10-CV-04809-EJD, 2023 WL 6812545, at *2 (N.D. Cal. Oct. 16, 2023) (showing estimated "average recovery of approximately $7.16," actual amount of payment made to each settlement class member was $7.70); *In re Google Plus Profile Litig.*, No. 5:18-cv-06164-EJD (VKD), Dkt. 96 at 5-6 (N.D. Cal. Oct. 15, 2020) ($12 or $5 payments per class member);[2] *Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 943 (N.D. Cal. 2013), *aff'd sub nom; Fraley v. Batman*, 638 F. App'x 594 (9th Cir. 2016) ($15 payment per class member); *Poertner v. The Gillette Co*., No. 6:12-v-00803-GAP-DAB, Dkt. 168 at 3 (M.D. Fla. Aug. 21, 2014) ($6- $12 payments per class member);[3] *In re: Vizio, Inc., Consumer Privacy Litig.,* No. 8:16-ml-02693-JLS-KES, 2019 WL 12966638, at *4 (C.D. Cal. July 31, 2019) (approving settlement in VPPA case that provided each claimant with

---

[2] *See* Joint Decl. RE: Final Approval & Fees, Dkt. 53, ¶ 53, Ex. 4.

[3] *See* Joint Decl. RE: Final Approval & Fees, Dkt. 53, ¶ 53, Ex. 5.

an estimated $16.50 at a claims rate of 4.1%). Finally, the injunctive relief that will be implemented as part of the Settlement is significant, and will require AMC to remove, suspend, or modify the operation of tracking code installed on streaming services AMC+, Shudder, Acorn TV, ALLBLK, SundanceNow, and HIDIVE ("AMC Services").

Accordingly, Plaintiffs respectfully request that the Court (i) grant final approval of the Settlement as fair, reasonable, and adequate; (ii) certify the Settlement Class; (iii) find that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the orders of this Court satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances, (iv) award Class Counsel the requested attorneys' fees of $2,766,666 and payment of $25,127.80 in reimbursement of costs; (v) approve a service award to each of the Class Representatives in the amount of $2,000, for a total of $18,000, and (vi) enter final judgment. A proposed Final Approval Order and Judgment is submitted herewith. *See* attached as Exhibit A.

Date: May 2, 2024

Respectfully submitted,

By: /s/ Douglas I. Cuthbertson

Douglas I. Cuthbertson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street 8th Floor
New York, NY 10013
T: (212) 355-9500
F: (212) 355-9592
dcuthberston@lchb.com

Michael W. Sobol
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
T: (415) 956-1000

F: (415) 956-1008
msobol@lchb.com

Hank Bates
Samuel R. Jackson
Courtney Ross
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201
T: (501) 312-8500
F: (501) 312-8505
sjackson@cbplaw.com
hbates@cbplaw.com
cross@cbplaw.com

Michael Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, NY 10025
T: (212) 643-0500
mreese@reesellp.com

Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

*Counsel for Plaintiffs and the Settlement Class*