USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __5/16/2024__

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE VELA, NICHOLAS NUNEZ, ANDY GERMUGA, TRISHA ICKES, WILLIAM BUCKLEY, PATRICK JAMES, and WILLIAM KETTERER, THOMAS APOSTLE, and WENDY KISER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>AMC NETWORKS, INC.<br><br>      Defendant. | Civil Action No.: 1:23-cv-02524-ALC |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on the unopposed Motion for Final Approval of Class Action Settlement (ECF No. 54) from Plaintiffs Ronald Vela, Nicholas Nunez, Andy Germuga, Trisha Ickes, William Buckley, Patrick James, William Ketterer, Thomas Apostle, and Wendy Kiser, ("Plaintiffs") and Plaintiffs' and Class Counsel's Motion for Award of Attorney's Fees, Litigation Costs and Service Awards (ECF No. 51). These related motions reference and incorporate a proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (ECF No. 43-1) that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendant AMC Networks, Inc. ("AMC" or "Defendant," and collectively with Plaintiffs, the "Parties").

Having carefully considered the motions and the Settlement, and all of the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. This Final Approval Order and Judgment ("Order") incorporates by reference the definitions in the Settlement Agreement, all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

### Certification of the Settlement Class

3. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> all persons in the United States who: (1) were registered users of AMC Services through (i) an online website or mobile app owned, controlled, and/or operated by AMC or (ii) any Streaming Service and (2) requested or obtained specific video content from AMC Services through (i) an online website or mobile app owned, controlled, and/or operated by AMC or (ii) any Streaming Service during the Class Period (January 18, 2021 to January 10, 2024).

4. Excluded from the Settlement Class are (1) any persons who have asserted claims against AMC under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") prior to the date of this settlement through counsel other than Class Counsel or counsel of record in the Action; (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (4) persons on Exhibit A who properly executed and timely file a request for exclusion from the Settlement Class; and (5) the legal representatives, successors or assigns of any such excluded persons.

5. The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether Defendant unlawfully disclosed to third parties Plaintiffs' and Settlement Class Members' personally identifiable information without consent in a manner that violated VPPA, and whether Plaintiffs and the Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3) Plaintiffs' claims are typical of the claims of the Settlement Class; (4) Plaintiffs and their counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

6. Pursuant to Rule 23, Plaintiffs Ronald Vela, Nicholas Nunez, Andy Germuga, Trisha Ickes, William Buckley, Patrick James, William Ketterer, Thomas Apostle, and Wendy Kiser are appointed as Class Representatives, and the following are appointed as Class Counsel: Douglas I. Cuthbertson of Lieff Cabraser Heimann & Bernstein, LLP; Hank Bates of Carney Bates & Pulliam PLLC; Michael R. Reese of Reese LLP, and Kevin Laukaitis of Laukatis Law.

**Final Approval of the Settlement Agreement and Notice Plan**

7. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether:

   (A) The Class Representatives and Class Counsel have adequately represented the Settlement Class;

   (B) The Settlement was negotiated at arm's length;

   (C) The relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the terms of

        any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and any justification for the awards; and (iii) any agreement required to be identified under Rule 23(e)(3); and

    (D)    The Settlement treats Settlement Class Members equitably relative to each other.

8.    The Court has also considered other factors relevant to class settlement approval (*see, e.g., Moses v. New York Times Co.*, 79 F.4th 235, 242 (2d Cir. 2023); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)), including each of the *Grinnell* factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

9.    Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representatives and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included two days of mediation conducted by respected mediator Honorable Wayne R. Andersen (Ret.); the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the

circumstances of this Action, including the risks, complexity, expense and duration of the Action, Defendant's financial condition, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

10. The Court finds that the notice program, as set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of: (i) the pendency of the Action and of the Settlement, including the terms thereof; (ii) the procedure for objecting to or opting out of the Settlement; (iii) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing and the means to attend the hearing telephonically; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class Representatives' application for a service award.

11. The Court hereby reaffirms its appointment of Angeion Group, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its

terms and provisions, and Class Counsel is authorized to reimburse the Settlement Administrator from the Settlement Fund for the reasonable expenses consistent with those terms and provisions.

12. The individuals or entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such individuals or entities are not included in or bound by the Settlement or this Order. Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

13. No objections (timely or otherwise) were filed with the Court in accordance with the requirements set forth in paragraph 21 of this Court's Preliminary Approval Order.

14. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

### Attorneys' Fees, Litigation Costs and Service Award

15. The Court has also considered Plaintiffs' and Class Counsel's Motion for Attorneys' Fees, Litigation Costs, and Service Award, as well as the supporting memorandum of law and declarations. No member of the Settlement Class objected to any of the requests in this motion. The Court adjudges that the requested payment of attorneys' fees of $2,766,666 and payment of $25,127.80 in reimbursement of costs are reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. The Court further finds that the requested service award to each of the nine Class Representatives is fair and reasonable. As such, the Court approves a service award to each of the Class Representatives in the amount of $2,000, for a total of $18,000, to be paid from the Settlement Fund in the manner and at the times set forth in the Settlement Agreement.

## Dismissal and Final Judgment

17. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

18. Upon the Effective Date and by operation of this Order and Final Judgment, the Releasing Parties (including Plaintiffs and those Settlement Class Members who did not timely exclude themselves from the Settlement Class) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a Settlement Class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against any Released Party based on the Released Claims.

19. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representatives and Releasing Parties.

20. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

21. The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order, or the Settlement Agreement.

22. In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendant, less reasonable settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

23. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

24. This Court hereby directs entry of this Order and Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

DATED: May 16, 2024

*[signature]*

Honorable Andrew L. Carter, Jr.
United States District Judge